**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JESSE NOAL KILLIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-01351-AGF |
| | ) | |
| MISSOURI DEPARTMENT | ) | |
| OF CORRECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Jesse Noal Killian for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information contained in the motion, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73

2

(8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri. He brings this civil action pursuant to 42 U.S.C. § 1983, naming the Missouri Department of Corrections as the sole defendant. (Docket No. 1 at 2). The complaint alleges a number of inadequacies in both administrative segregation and disciplinary segregation at the ERDCC. Specifically, the "Statement of Claim" provides in full that:

> In Administrative segregation we do not [receive] Adequate clothing, Adequate food on state trays, No [commissary] Food Items, No JPay tablets, No limited Property (ex. Headphones, clock, extension cord), No electrical outlet, No Personal clothing Items. In

3

> Disciplinary segregation we do not [receive] Any recreation, Adequate food on state trays, Adequate clothing, No personal clothing Items.

(Docket No. 1 at 3).

Plaintiff asserts that "No Injuries" were "sustained" as a result of any time he may have spent in administrative or disciplinary segregation. (Docket No. 1 at 4). Nevertheless, he presents a list of demands for items that must be provided to segregated inmates. Specifically, in administrative segregation, he wants JPay tablets; limited property such as headphones, an extension cord, an alarm clock, a fan, and a lamp; an electrical outlet; more commissary hygiene items; and personal clothing items such as a top, bottom, underwear, socks, and tennis shoes. In disciplinary segregation, he wants more recreation time; JPay tablets; personal clothing items, as well as all state-issued clothing; and adequate food on state trays.

### Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, accusing the Missouri Department of Corrections of various constitutional inadequacies in both administrative and disciplinary segregation. Because plaintiff is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court has determined that plaintiff's complaint must be dismissed without prejudice.

### A.  Claim Against Missouri Department of Corrections Barred by Sovereign Immunity

Plaintiff has named the Missouri Department of Corrections as the lone defendant in this case. The Missouri Department of Corrections is a department of the State of Missouri. As such, plaintiff's claim is treated as being made against the state itself. However, the claim is barred by sovereign immunity.

4

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer sovereign immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (explaining that district court erred in allowing plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id*. The second exception is when a state waives its immunity to suit in federal court. *Id*. at 65. A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception is applicable in this case.

The first exception does not apply because the Supreme Court has determined that 42 U.S.C. § 1983 – under which this case arises – does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe…that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). The second exception is also inapplicable because the State of Missouri has not waived its immunity in this type of case. *See* RSMo § 537.600 (explaining that sovereign immunity is "in effect," and providing exceptions relating to the "negligent acts or omissions by public employees arising out of the operation of motor vehicles…within the course of their employment," and regarding "[i]njuries caused by the condition of a public entity's property").

Here, plaintiff has sued the Missouri Department of Corrections, but the sovereign immunity conferred by the Eleventh Amendment bars such a suit against a state or its agencies and departments for any type of relief, whether monetary or injunctive. Furthermore, no exception to this bar is apparent in this case. Therefore, plaintiff's claim against the Missouri Department of Corrections must be dismissed.

**B. Failure to State a Claim**

Even if plaintiff's claim against the Missouri Department of Corrections was not barred by sovereign immunity, plaintiff has still failed to state a claim that is sufficient for purposes of 28 U.S.C. § 1915 review. "To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States." *Wong v. Minnesota Dep't of*

*Human Servs.*, 820 F.3d 922, 934 (8th Cir. 2016). Here, plaintiff has not demonstrated the violation of a constitutional right.

Plaintiff's claim stems from perceived inadequacies in administrative and disciplinary segregation. In this context, the determination of whether prison officials denied an inmate due process involves a two-step inquiry. *Williams v. Hobbs*, 662 F.3d 994, 1000 (8th Cir. 2011). First, a plaintiff must demonstrate that he or she was deprived of life, liberty, or property by government action. *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). *See also Beaulieu v. Ludeman*, 690 F.3d 1017, 1047 (8th Cir. 2012) (stating that a court "need reach the question of what process is due only if the inmates establish a constitutionally protected liberty interest"); and *Singleton v. Cecil*, 155 F.3d 983, 987 (8th Cir. 1998) (explaining that to claim a due process violation, plaintiff has to be deprived of either life, liberty, or property, otherwise "it does not matter whether one has received due process or not"). Once it has been established that a liberty interest exists, the process necessary to protect that interest must be determined. *Williams*, 662 F.3d at 1000.

As life or property is not at issue in this case, plaintiff must identify a liberty interest to sustain a due process claim. *See Phillips*, 320 F.3d at 847. The Supreme Court has determined that prisoners have a protected liberty interest in avoiding conditions of confinement that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). As such, in order to assert a due process violation based on a liberty interest of avoiding administrative segregation, "an inmate must show that the segregation created an atypical and significant hardship on him in relation to the ordinary incidents of prison life to demonstrate that his liberty interest was curtailed." *Rahman X v. Morgan*, 300 F.3d 970, 973 (8th Cir. 2002).

At the outset, the Court notes that assignment to disciplinary or administrative segregation

is not, in and of itself, an atypical and significant hardship. *See Portley-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002) (stating that Eighth Circuit has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*"); *Kennedy v. Blankenship*, 100 F.3d 640, 642 (8th Cir. 1996) (stating that plaintiff's "demotion from administrative segregation to punitive isolation is not the sort of deprivation that qualifies as atypical and significant"); and *Wycoff v. Nichols*, 94 F.3d 1187, 1190 (8th Cir. 1996) (stating that plaintiff "has no liberty interest in avoiding administrative segregation unless the conditions of his confinement present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest"). This is so even if the demotion to segregation is without cause. *Phillips*, 320 F.3d at 847. Thus, plaintiff must show something more than the mere fact of segregation to demonstrate a constitutional violation.

Along with an inmate's liberty interest in avoiding atypical and significant hardships, the Eighth Amendment provides that a prison's conditions of confinement "must not involve the wanton and unnecessary infliction of pain, nor may they be grossly disproportionate to the severity of the crime warranting imprisonment." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). *See also Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 528 (8th Cir. 2009) (stating that "[t]he Eighth Amendment prohibits the infliction of cruel and unusual punishment on those convicted of crimes"). As such, pursuant to the Eighth Amendment, prisoners are entitled to the basic necessities of human life and to humane treatment. *Goff v. Menke*, 672 F.2d 702, 705 (8th Cir. 1982). To that end, prison officials are required to "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Simmons v. Cook*, 154 F.3d 805, 807 (8th Cir. 1998).

While plaintiff has broadly alleged that he has not received "adequate" food, clothing, and exercise, he has not presented any facts whatsoever establishing that he has been denied the basic

necessities of life in violation of the Eighth Amendment. *See Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (explaining that to allege an Eighth Amendment violation, a prisoner must show that the defendant's conduct rose to the level of a constitutional violation "by depriving the plaintiff of the minimal civilized measure of life's necessities"). Likewise, his allegations do not demonstrate "an atypical and significant hardship" creating a liberty interest under the Fourteenth Amendment.

With regard to adequate food, the Court observes that prisoners have a right to nutritionally adequate food. *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992). *See also Burgin v. Nix*, 899 F.2d 733, 734 (8th Cir. 1990) ("One constitutional protection retained by the prisoner is the right to an adequate diet"). While control of the diet is within the discretion of prison officials, the diet must be adequate. *Divers v. Dep't of Corrs.*, 921 F.2d 191, 194 (8th Cir. 1990). A plaintiff can demonstrate that his right to an adequate diet was violated by evidence "that the food he was served was nutritionally inadequate or prepared in a manner presenting an immediate danger to his health, or that his health suffered as a result of the food." *Ingrassia v. Schafer*, 825 F.3d 891, 897 (8th Cir. 2016). *See also Obama v. Burl*, 477 Fed. Appx. 409, 412 (8th Cir. 2012) (stating that plaintiff's allegations regarding constant hunger, small food portions, and weight loss were sufficient for purposes of preservice review); and *Davis v. State of Missouri*, 389 Fed. Appx. 579, 579 (8th Cir. 2010) (stating that allegations that plaintiff lost nineteen pounds during eight-month stay in jail due to insufficient food, and that he was always sick and lacking energy, were sufficient to survive preservice dismissal).

Here, plaintiff has presented no facts establishing that the food he was served in either administrative or disciplinary segregation was constitutionally deficient. He has not alleged that the food he received was nutritionally inadequate, prepared in an unhealthy manner, or came in

portions that were too small. Certainly, plaintiff has not demonstrated any injury to his health, such as weight loss or lack of energy. To the contrary, plaintiff expressly states he suffered no injuries. Ultimately, by asserting a lack of "adequate food on state trays," all plaintiff has done is restate a cause of action. This is not sufficient to state a claim under either the Eighth or Fourteenth Amendments. *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do").

As to recreation and exercise, the Eighth Amendment may be violated by a showing that prison officials were deliberately indifferent to a prisoner's exercise needs. *See Wishon*, 978 F.2d at 448-49. In determining whether an inmate has been deprived of adequate exercise, "courts must consider several factors including: (1) the opportunity to be out of the cell; (2) the availability of recreation within the cell; (3) the size of the cell; and (4) the duration of confinement." *Id*. at 449. To that end, requiring exercise in an enclosed area is not a per se violation of the Eighth Amendment. *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996). Furthermore, a limitation of out-of-cell exercise does not necessarily violate the constitution. *See Id*. (stating that a limitation of three hours per week did not amount to a constitutional violation); and *Wishon*, 978 F.2d at 449 (determining that 45 minutes of out-of-cell recreation a week did not violate constitution).

Here, plaintiff presents no facts to amplify his assertion that he did not receive any recreation while in disciplinary segregation. For example, he has not presented any facts regarding his opportunity to be outside his cell, his ability to engage in recreational activities within his cell, the size of the cell, or the duration of time he was in segregation. There is also no indication that the purported lack of recreation caused him any injury, such as atrophied muscles or other health effects. To the contrary, plaintiff states that he suffered no injuries. Simply asserting that he

10

received no recreation is an unsupported conclusion that is insufficient to state a claim. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("While the court must accept allegations of fact as true…the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"). Therefore, plaintiff has not demonstrated a violation of the Eighth Amendment, or that he suffered "an atypical and significant hardship" in violation of the Fourteenth Amendment.

Concerning the allegedly inadequate clothing, the Court observes that the Eighth Amendment requires prison officials to ensure that inmates receive adequate clothing. *Farmer v. Brennan*, 511 U.S. 825, 831 (1994). The prisoner has the burden of showing that the clothing is inadequate. *Divers*, 921 F.2d at 194. Clothing has been deemed inadequate, for instance, when inmates are subjected to the rain and cold without protective clothing. *See Chandler v. Moore*, 2 F.3d 847, 848 (8th Cir. 1993) (stating that inmate's allegation that he was forced to stand outside in the rain and cold without adequate clothing was sufficient to preclude § 1915 dismissal); and *Gordon v. Faber*, 973 F.2d 686, 687-88 (8th Cir. 1992) (upholding district court finding that ordering inmates outdoors without hats and gloves in freezing weather violated the Eighth Amendment).

Here, plaintiff provides no details with regard to his contention that he did not receive adequate clothing while in segregation. While he specifies what he wants, he makes no effort to describe what he was given. That is, plaintiff has not shown that the clothing he received was inadequate in the context in which it was used. For example, he presents no facts showing that the clothing he wore in segregation was insufficient to ward off the cold. Instead, as with his other allegations, plaintiff provides only a cause of action without any accompanying factual support. This is not sufficient to state a claim. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts

are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level"). Therefore, plaintiff has not demonstrated a violation of the Eighth Amendment or "an atypical and significant hardship" in violation of the Fourteenth Amendment.

As discussed above, food, clothing, and exercise are among the civilized measures of life's necessities given protection by the Eighth Amendment, while deprivation of food, clothing, and exercise could be construed as "an atypical and significant hardship" implicating a liberty interest under the Fourteenth Amendment. Nonetheless, plaintiff has not presented any facts – as opposed to unsupported conclusions – that those necessities have been denied to him.

Aside from food, clothing, and exercise, plaintiff complains that inmates in segregation are not allowed JPay tablets, personal property such as headphones, clocks, or extension cords, or access to electrical outlets. Plaintiff provides no allegations demonstrating that these amenities are among the "civilized measure of life's necessities." *See Revels*, 382 F.3d at 875. Moreover, he has not presented any indication that the lack of these items posed "a substantial risk to [his] health or safety." *See Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016) (explaining that a prison official is deliberately indifferent if he or she "knows of and disregards…a substantial risk to an inmate's health or safety"). Plaintiff also presents no support for the proposition that being without these items presents "an atypical and significant hardship."

As previously noted, to state a claim under 42 U.S.C. § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). For all the reasons discussed above, plaintiff has not sufficiently alleged the violation of a constitutional right. Therefore, his claim must be dismissed.

12

### C.  Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). The motion will be denied as moot as this case is being dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 7th day of February, 2022.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE